Dear Mr. Cantrell:
This opinion is in response to your questions asking:
 1. May a municipality impose a $2.00 court fee for peace officer training pursuant to section 590.140 RSMo in addition to the $12.00 court fee allowed for municipalities pursuant to section 479.260 RSMo?
 2. Or, must the $2.00 court fee for peace officer training be part of the total $12.00 fee allowed by section 479.260?
It should be clear that only certain cities may assess the $2.00 court fee provided in § 590.140, RSMo.
Section 590.150, RSMo, provides:
 The provisions of sections 590.100 to 590.150 shall not apply to a political subdivision or a municipality having a population of less than two thousand persons or which does not have at least four full-time nonelected paid peace officers; provided, however, the governing body of the political subdivision or municipality may by order or ordinance elect to come under the provisions of sections 590.100 to 590.150 or such election may be later rescinded and, provided further, that upon election to come under the provisions of 590.100 to 590.150
the political subdivision or municipality shall be entitled to the fees authorized under sections 590.100 to 590.150, otherwise, such fees shall not be collected as a part of defendant's costs.
Section 590.140, RSMo, provides:
 1. A fee of up to two dollars may be assessed as costs in each court proceeding filed in any court in the state for violations of the general criminal laws of the state, including infractions, or violations of county or municipal ordinances, provided that no such fee shall be collected for nonmoving traffic violations, and no such fee shall be collected for violations of fish and game regulations, and no such fee shall be collected in any proceeding in any court when the proceeding or defendant has been dismissed by the court. For violations of the general criminal laws of the state or county ordinances, no such fee shall be collected unless it is authorized by the county government where the violation occurred. For violations of municipal ordinances, no such fee shall be collected unless it is authorized by the municipal government where the violation occurred. Such fees shall be collected by the official of each respective court responsible for collecting court costs and fines and shall be transmitted monthly to the treasurer of the county where the violation occurred in the case of violations of the general criminal laws of the state or county ordinances and to the treasurer of the municipality where the violation occurred in the case of violations of municipal ordinances.
 2. Each county and municipality may use funds received under this section only to pay for the training required as provided in sections 590.100 to 590.150, provided that any excess funds not needed to pay for such training may be used to pay for additional training for peace officers or for training for other law enforcement officers employed or appointed by the county or municipality.
Section 479.260, RSMo, provides in pertinent part:
 1. Municipalities by ordinance may provide for court costs in an amount not to exceed twelve dollars per case for each municipal ordinance violation case filed before a municipal judge, and in the event a defendant pleads guilty or is found guilty, the judge may assess costs against the defendant except in those cases where the defendant is found by the judge to be indigent and unable to pay the costs. The costs authorized in this subsection are in addition to service costs, witness fees and jail costs that may otherwise be authorized to be assessed, but are in lieu of other court or judge costs or fees. Such costs shall be collected by the municipal clerk and disbursed as provided in subsection 1 of section 479.080.
 2. In municipal ordinance violation cases which are filed before an associate circuit judge, court costs shall be assessed in the amount of ten dollars per case. In the event a defendant pleads guilty or is found guilty, the judge shall assess costs against the defendant except in those cases where the defendant is found by the judge to be indigent and unable to pay the costs. In the event a defendant is acquitted or the case is dismissed, the judge shall not assess costs against the municipality. The costs authorized in this subsection are in addition to service costs, witness fees and jail costs that may otherwise be authorized to be assessed, but are in lieu of other court costs. Such court costs shall be collected by the division clerk or as provided by court rule and disbursed as provided in subsection 2 of section 479.080.
Section 479.260 was enacted as a part of House Bill No. 1634, 79th General Assembly, which was the Court Reform and Revision Act of 1978. Such section became effective January 2, 1979, at the same time that the majority of the numerous provisions contained in the Court Reform and Revision Act became effective.
Section 590.140 was enacted as a part of HCSHB Nos. 879 and 899, 79th General Assembly, effective August 13, 1978.
As we have noted, both of these sections were enacted at the same session of the legislature. The main reason for the later effective date of § 479.260 was because it was a part of the Court Reform and Revision Act. Since our primary purpose in interpreting such provisions is to reach the intent of the legislature, it is our view, considering the fact that § 590.140
earmarks the $2.00 fee for a particular purpose, that it should be considered separate and apart from either the $12.00 or the $10.00 maximums provided in § 479.260.
It is our understanding that the conclusion we reach is consistent with the interpretation given such sections by individuals who were instrumental in drafting the Court Reform and Revision Act, and we believe is consistent with the intent of the legislature.
CONCLUSION
It is the opinion of this office that a municipality coming within the provisions of §§ 590.100 to 590.150, RSMo, may impose a $2.00 court fee for peace officer training under § 590.140, RSMo, in addition to the maximum court costs provided under § 479.260, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General